UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TREY ANTHONY MULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00045-ACL |
| ) | |
| WILLIAM STANGE, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Trey Anthony Mueller's applications to proceed in the district court without prepaying fees and costs. The Court will grant plaintiff's applications and assess an initial partial filing fee of $1.50. Furthermore, based on the allegations in the complaint, the Court will order the Clerk of Court to issue service on defendants Michael Hyten and Aaron Raines. The Court will dismiss without prejudice defendants William Stange, Pierce Yount, Joshua Carter, Jacob Williams, Steve Harper, and Unknown Effan for failure to state a claim for which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, he states he earns $7.50 per month while incarcerated. The Court will require plaintiff to pay an initial partial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, he states he earns $7.50 per month while incarcerated. The Court will require plaintiff to pay an initial partial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented

plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendants used excessive force against him in violation of the Eighth Amendment on November 22, 2022. Named as defendants are the following officials at Southeastern Correctional Center ("SECC"): William Stange (Warden); Michael Hyten (Sargent); Aaron Raines (Officer); Joshua Carter (Officer); Pierce Yount (Sargent); Jacob Williams (Officer); Steve Harper (Officer); and Unknown Effan (Officer). He sues all defendants in their individual capacities only.

Plaintiff states that on November 22, 2022 at approximately 2:30 p.m. a "movement team" was sent to his cell. Officers Michael Hyten and Aaron Raines kicked and punched plaintiff about the head and face and tried to break his fingers and elbow. Specifically, plaintiff states Hyten ran into plaintiff's cell and began punching him in the head, kicking him in the face, and tried to break his fingers. Raines rushed into plaintiff's cell and punched him, trying to break his arm and elbow.

Plaintiff sustained multiple bruises to the face and body and a severely injured elbow. He states that his mental health was affected too, causing him flashbacks and anguish. For relief, plaintiff seeks compensatory damages in the amount of $50,000.

## Discussion

*Defendants Michael Hyten and Aaron Raines*

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). When a prison official is accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically

to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Plaintiff alleges he was assaulted by correctional officers Hyten and Raines on November 22, 2022. The assault occurred when plaintiff was in his cell. The officers punched and kicked plaintiff and tried to break his elbow and fingers. Liberally construed, the Court finds on initial review that plaintiff has stated a plausible claim that defendants Hyten and Raines used excessive force in violation of the Eighth Amendment. The Court will issue process on these defendants in their individual capacities.

*Defendant Warden Stange*

Plaintiff's only allegation against Warden Stange is that "he failed to protect me from cruel and unusual punishment." The Eighth Amendment imposes upon prison officials the obligation to restore control in tumultuous situations. *Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993). As such, under § 1983, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner*, 983 F.2d at 121-22 (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

Plaintiff does not allege Warden Stange was present at the time of the assault and failed to intervene. This is fatal to plaintiff's claims against Stange. There can be no personal involvement or failure to intervene if Stange was unaware of the attack. Additionally, to the extent plaintiff might allege respondeat superior liability as to Warden Stange, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). It is settled "that a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). Because Stange had no personal involvement in the attack and cannot be held liable under a theory of respondeat superior, he will be dismissed from this action.

*Defendants Joshua Carter, Pierce Yount, Jacob Williams, Steve Harper, and Unknown Effan*

Plaintiff makes no allegation of any wrongdoing against defendants Joshua Carter, Pierce Yount, Jacob Williams, Steve Harper, and Unknown Effan. Rather, he indicates in very large letters that these staff members "acted appropriately." Although they are named as defendants in the case, it appears plaintiff has listed them because they witnessed the attack. Because plaintiff makes no claim of any constitutional violations against Carter, Yount, Williams, Harper, and Effan, the Court will dismiss these defendants without prejudice.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the

nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepaying fees and costs are **GRANTED**. [ECF Nos. 2 and 5]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.50 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Michael Hyten and Aaron Raines in their individual capacities.

**IT IS FURTHER ORDERED** that defendants William Stange, Pierce Yount, Joshua Carter, Jacob Williams, Steve Harper and Unknown Effan are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the short caption of this case to: *Muller v. Hyten, et al.*

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

An order of partial dismissal will accompany this memorandum and order.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2023.